## SUPREME COURT.

THE BANK OF NORTH AMERICA agt. JAMES W. EMBURY, impleaded, &c.

*Parol evidence* is authorized for the purpose of showing that an attorney had authority to sign notes in the name, and for a partnership firm.

Verbal authority to the attorney for such a purpose is sufficient.

Where a promissory note is executed in the name of the firm by B., their attorney, the note on its face does not indicate that B. was acting under a *written* power of attorney, and consequently it should be produced in evidence.

Where the evidence showed both written and verbal authority to the attorney, *held*, that the proof of a search for the written power, and inability to find it. warranted the introduction of parol proof of its contents.

*It seems* that one partner can delegate authority to an attorney to act for the firm, without the assent of the other partners.

*New York General Term, April*, 1861.
· CLERKE, SUTHERLAND *and* INGRAHAM, *Justices.*

THE defendants are sued as makers of notes executed in the name of their firm by De Witt C. Brown, attorney. The defendant Embury denies, in his answer, that Brown ever had authority to sign these notes for the defendants.

Upon the trial of the cause, the signature of the attorney was proven by himself. He testified that he was the attorney of the firm when the notes were signed. It was also proven that Brown was the general agent of the firm, by a written power of attorney and by verbal authority, and that his acts in raising money for the firm, and borrowing money for them, had been communicated to Embury, and acquiesced in by him.

Proof of the power of attorney having been delivered to one of the firm was given, and he proved that he had looked for it and was unable to find it.

The case was tried without a jury, and judgment was rendered for the plaintiffs.

E. T. HALL, *for plaintiffs.*
KISSAM & JONES, *for defenaant.*

By the court, INGRAHAM, Justice. The defendants allege that the judge erred in admitting parol evidence of authority to Brown to make the notes in question.

There can be no doubt that parol authority for such a purpose would be sufficient. The cases cited by the defendants' counsel, of *Nixon & Bartlett* agt. *Palmer*, (4 *Seld.*, 390,) and *Dows* agt. *Perrin, et al.*, (16 *N. Y.*, 330,) were cases of parol authority, and no objection was made on that ground. It is not, in fact, urged by the defendants' counsel that a verbal authority would not be valid, but he alleges that the notes on their face indicate that Brown was acting under a written power of attorney, and it should have been produced. There is nothing on the notes which warrants such a conclusion. They are executed in the usual form by Brown, as attorney, and in no way is it stated or indi-

cated that such an authority is in writing. The evidence shows both written and verbal authority to the attorney, and the proof of a search for the written power, and inability to find it, warranted the introduction of parol proof of its contents.

The case of the *North River Bank* agt. *Aymar*, (3 *Hill*, 262,) relied on by the counsel, holds no ·contrary doctrine. In that case, it appeared that the plaintiffs had the written power in their possession, and the law held that signing the note as attorney necessarily gave notice to the party taking it of the existence of· authority, either written or verbal, and that the party taking it was chargeable with the duty of ascertaining the extent of the agent's power before he could charge the principal on paper so signed. It is not unfrequently the case that authority to sign notes or do other acts of agency is implied from the acts of the parties, without proof of any express authority, either verbal or written, and such acts have been held to bind the principal. That the signature as attorney required the plaintiffs to examine as to his authority, is conceded, and the parol evidence is sufficient to prove such authority, and was properly admitted.

A letter written by two of the defendants to Brown, the attorney, was admitted in evidence, under objection that the same was not written by the firm. It was signed by Embury, the defendant, and evidently related to the affairs of the firm. It was a piece of testimony admissible for the purpose of showing that Embury had acceded to the agency of Brown, at the date of the letter, and acknowledged previous services by him as attorney.

The power of attorney given by Annan and Hassard to Brown, which was excluded on the trial, was not proven at all, was not shown to relate to these transactions, and, as the contents of it are not stated, even if it had been proven to have been executed by the grantors, it would be out of our power to say whether it should or should not

have been admitted. In the absence of any knowledge of the contents, we must presume the ruling of the judge upon the trial was correct.

The finding of the judge, that Brown had verbal authority to sign the notes, was upon a question of fact, for which there was evidence calling for such a finding, and with it we cannot interfere. It is not against the weight of evidence, and if not clearly so, the finding must be sustained.

It is not material to inquire whether one partner can delegate authority to an attorney to act for the firm without the assent of the other partners. For many purposes, it seems to be a necessary act, and the partnership would necessarily suffer in many cases if such a power could not be executed. In the present case, where the resident partner was about leaving for California, it became a matter of absolute necessity that some person should be placed in charge of the business, and it would seem to be necessarily within the power of such partner thus to protect the firm from serious injury. I do not, however, consider it material for this case to decide this point, for the evidence fully warrants the finding, that Embury afterwards, with knowledge of the acts of the attorney, acquiesced in the agency, and that more especially in matters where the proceeds of the transaction were applied to the use of the firm.

The judgment appealed from should be affirmed, without costs.